UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br>MICHAEL IOANE, et al.,<br>　　　　Movants.<br><br>MICHAEL AND SHELLY IOANE, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>SANTA CLARA COUNTY SHERIFF,<br>LAURIE SMITH, et al.,<br>　　　　Defendant. | Case No. 5:16-mc-80038-EJD<br><br>**ORDER DENYING MOTION TO DISSOLVE ORDER ENTERED SEPTEMBER 26, 2000**<br><br>Re: Dkt. No. 1 |

## I. INTRODUCTION

On August 25, 2000, Judge Spencer Williams found that Michael Ioane and Shelly Ioane, also known as Shelly Olson (collectively, "Movants"), had filed 26 frivolous lawsuits in this district in an attempt "to escape from debts, harass creditors, and burden the federal court." Dkt. No. 167, Case No. 5:99-cv-21119-SW. Judge Williams also found that vexatious litigant orders were "necessary to protect future defendants and to protect any already overburdened court." In light of these findings, Judge Williams ordered Movants to show cause why a prefiling order should not be issued restraining them from future frivolous conduct.

Movants did not respond to the August 25th order. Thus, on September 26, 2000, Judge Williams entered identical prefiling orders precluding Movants from filing "any lawsuits unless a

1

Case No.: 5:16-mc-80038-EJD
ORDER DENYING MOTION TO DISMISS ORDER ENTERED SEPTEMBER 26, 2000

1  judge of this district expressly grants permission to do so." Dkt. No. 171, Case No. 5:99-cv-
2  21119-SW.  Movants thereafter petitioned the court to withdraw the September 26th order in
3  2003, but such request was denied by Judge James Ware in January, 2004.  Dkt. No. 200, Case
4  No. 5:99-cv-21119-SW.

Some thirteen years since their last motion on this topic, Movants again move to dissolve the September 26th order, this time pursuant to Federal Rule of Civil Procedure 60(b)(5).  This motion was referred to the undersigned for general duty review, and will be denied.

## II.  LEGAL STANDARD

Under Rule 60(b)(5), a party may be relieved from an order if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).

"Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  Horne v. Flores, 557 U.S. 433, 447 (2009) (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384 (1992)).  This is a "general, flexible" standard.  Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999).

The party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . ."  Horne, 557 U.S. at 447.

## III.  DISCUSSION

Movants argue the September 26th order should be dissolved for two primary reasons.  First, they contend circumstances have changed because they have not engaged in frivolous conduct since entry of the prefiling orders.  To that end, Movants note an "objective factor," which they define as the "lack of any filings in the past 15 years which were frivolous or intended to harass creditors," as well as a "subjective factor" in the form of declarations "attesting to the fact they have changed their behaviors and will not file a lawsuit simply for the purpose of harassing a

2
Case No.: 5:16-mc-80038-EJD
ORDER DENYING MOTION TO DISMISS ORDER ENTERED SEPTEMBER 26, 2000

1  creditor or attempting to evade a debt."

2  Second, Movants argue the prefiling orders are overbroad because they neither contain the
3  restriction proposed by the court in the order to show cause, nor provide for an expiration date.

4  In examining whether either reason is sufficient to justify relief, the court is mindful of
5  what circumstances do and do not justify relief under Rule 60(b)(5). The Ninth Circuit has held
6  that modification of an order may be warranted under Rule 60(b)(5) if "changed factual conditions
7  make compliance with the decree substantially more onerous," "when a decree proves to be
8  unworkable because of unforeseen obstacles," "when enforcement of the decree without
9  modification would be detrimental to the public interest," or where "compliance becomes legally
10 impermissible." SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001) (citing Rufo, 502 U.S. at
11 388). "Relief from a court order should not be granted, however, simply because a party finds 'it
12 is no longer convenient to live with the terms' of the order." Id.

13 The reasons identified by Movants do not fall within one of the categories identified by the
14 Ninth Circuit in Coldicutt. As to the first reason, the court observes that "obedience to a mandate"
15 generally provides no justification for dissolving an order because "'[c]ompliance is just what the
16 law expects.'" Id. at 943 (quoting SEC v. Worthen, 98 F.3d 480, 482 (9th Cir. 1996)). Instead,
17 "an extended period of compliance is a factor supporting termination of an injunction, but more is
18 required." Id. Here, beside their history of compliance, the "more" appears to be Movants'
19 representation that they will no longer seek to misuse the court process. This statement, however,
20 does not demonstrate that the prefiling orders have become "substantially more onerous" or
21 "unworkable because of unforeseen obstacles," or that compliance with them creates a
22 "detriment[] to the public interest." Id. at 944. If anything, the fact that Movants no longer wish
23 to engage in frivolous behavior makes the requirement of prefiling review less onerous because
24 actions with potential merit will be permitted to proceed.

25 Nor have Movants shown that the prefiling orders are "substantially more onerous" due to
26 the "stigma of 'vexatious litigant.'" Although Movants suggest this label has caused them
27 prejudice in other actions, they provide no specific evidence to support their claim that it has

28
3
Case No.: 5:16-mc-80038-EJD
ORDER DENYING MOTION TO DISMISS ORDER ENTERED SEPTEMBER 26, 2000

1  "undue influence on the thinking of others in the legal system once it is introduced into evidence."
2  Consequently, their position is distinguishable from the one described in SEC v. Warren, 583 F.2d
3  115 (3d Cir. 1978).  There, the consent decree at issue became "substantially more onerous" on
4  Warren because it caused him to resign several corporate board positions, foreclosed him from
5  obtaining another, and precluded him from several other business opportunities.  583 F.2d at 122.
6  No analogous circumstances are described by Movants here.[1]

Similarly, the challenge to the scope of the prefiling orders is not cognizable under Rule 60(b)(5).  Much like the "changed circumstances" already discussed, this argument does not demonstrate that the orders have become substantially more onerous or unworkable, or are detrimental to the public interest.  Furthermore, Movants have not shown through this argument that compliance with the prefiling review requirements has become "legally impermissible."[2]

Accordingly, the court finds that Movants have not satisfied their burden of establishing a basis for relief under Rule 60(b)(5).  Their motion to dissolve the prefiling orders will therefore be denied.

## IV. ORDER

The "Motion to Dissolve Order Entered on September 26, 2000" is DENIED.  The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  June 15, 2016

_____
EDWARD J. DAVILA
United States District Judge

---

[1] In any event, Movants were deemed vexatious litigants based on Judge Williams' specific findings concerning their behavior, separate and apart from the prefiling order.  Those findings cannot be challenged under Rule 60(b)(5). Horne, 557 U.S. at 447.

[2] This argument is better suited to a direct appeal from the prefiling orders.  Notably, the Ninth Circuit summarily affirmed the orders on April 12, 2001. Dkt. No. 184, Case No. 5:99-cv-21119-SW.