UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL IOANE, et al.,<br><br>   Movants.<br><br><br>MICHAEL AND SHELLEY IOANE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SANTA CLARA COUNTY SHERIFF, LAURIE SMITH,<br><br>   Defendant. | Case No. 5:16-mc-80038-EJD<br><br>**ORDER DENYING MOTION FOR "NEW TRIAL/RECONSIDERATION"**<br><br>Re: Dkt. No. 4 |

## I. BACKGROUND

In 2000, Michael Ioane and Shelly Ioane, also known as Shelly Olson (collectively, "Movants"), were found to be vexatious litigants and since then have been subject to identical prefiling orders that preclude them from filing "any lawsuits unless a judge of this district expressly grants permission to do so." Dkt. No. 171, Case No. 5:99-cv-21119-SW. On February 17, 2016, Movants sought to dissolve the prefiling orders through a motion pursuant to Federal Rule of Civil Procedure 60(b)(5). Dkt. No. 1. The motion was referred to the undersigned for general duty review, and was denied. Dkt. No. 3.

Presently before the court is a "motion for new trial/reconsideration," which was filed by Movants pursuant to Federal Rule Civil Procedure 59(e). Dkt. No. 4. The court has carefully

1  reviewed this motion in conjunction with its prior ruling, and finds that it presents no viable basis
2  for relief. Accordingly, the motion will be denied for the reasons that follow.

## II. LEGAL STANDARD

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

## III. DISCUSSION

Movants argue they are entitled to relief under Rule 59(e) because (1) attorneys in two different civil cases have raised their vexatious litigant designation, both before and after their motion to dissolve the prefiling orders was filed, and (2) the court committed "clear error" when it determined that Movants could not challenge the scope of the prefiling orders under Rule 60(b)(5). These arguments are without merit.

To begin, though Movants argue otherwise, the court is not persuaded that the documents submitted along with this motion qualify as "newly discovered evidence" or "previously unavailable evidence." This is because "the assessment of newness turns on the date of the court's dispositive order, not on the date when the motions or briefs are filed." Hecker v. Deere & Co., 556 F.3d 575, 590 (7th Cir. 2009). Moreover, the court observes that while "Rule 59(e) permits a court to alter or amend a judgment," it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008).

United States District Court
Northern District of California

Here, the transcripts and orders that Movants have now produced each predate this court's order denying the Rule 60(b)(5) motion, and Plaintiffs did not convincingly explain why the documents could not have been produced earlier.  Movants do not, for example, claim they were previously unaware of the hearings that occurred in state court on January 6th and January 15, 2016, or of the orders that ensued, at the time they filed the motion to dissolve on February 17, 2016.  See Sch. Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Similarly, Movants provide no reason why they did not previously submit to this court the amended pretrial statement filed in the Eastern District of California on May 3, 2016, if they believed such document was pivotal to their argument.  They certainly could have, given the order on their Rule 60(b)(5) motion was filed over a month later.  Hecker, 556 F.3d at 590 (affirming denial of Rule 59(e) motion based on newly discovered evidence because "if this evidence was so important to their case, plaintiffs should have alerted the district court to their discovery and asked for some appropriate way to bring it to the court's attention," and stating "[t]here was no reason to sit on potentially relevant evidence and allow the court to go forward with its decision").  In any event, even if the court were to consider the content of the pretrial statement, it would not find that the document itself actually supports the contention originally made by Movants: that the prefiling orders have become "substantially more onerous" because they have "undue influence on the thinking of others in the legal system once it is introduced into evidence."  If anything, the statement only signifies the defendants' intention to move in limine for leave to admit the prefiling orders at trial.  It does not establish that that those orders have been admitted into evidence, or that they persuaded the district judge or a jury to take any particular action against Movants.

Furthermore, Movants have not met their burden to show that a "manifest error" of law was made in the order addressing their Rule 60(b)(5) motion.  Relying on SEC v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001), the court determined that Movants' argument concerning the scope of the prefiling orders did not "demonstrate that the orders have become substantially more

3
Case No.: 5:16-mc-80038-EJD
ORDER DENYING MOTION FOR "NEW TRIAL/RECONSIDERATION"

onerous or unworkable, or are detrimental to the public interest," and found that Movants failed to show that compliance with the prefiling review requirement had become "legally impermissible." The court also noted that the framing of the particular challenge was "better suited to a direct appeal from the prefiling orders," rather than a motion under Rule 60(b)(5). This analysis does not embody a "'wholesale disregard [of], misapplication [of], or failure to recognize controlling precedent,'" since, under these circumstances, the controlling precedent is that governing the application of Rule 60(b)(5). Benham v. Sequoia Equities, Inc., No. CV 13-00205, 2013 U.S. Dist. LEXIS 108015, at *6, 2013 WL 3872185 (C.D. Cal. May 29, 2013) (quoting Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004)). Unlike the plaintiff in DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990) - a case Movants relied on before and do so again here - Movants did not appeal from the vexatious litigant designations or the prefiling orders when they were issued, and this court is not sitting as a court of review with respect to those findings or orders. See Horne v. Flores, 557 U.S. 433, 447 (2009) ("Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests . . . ."). As such, the court confined the analysis to the precise legal issue presented by the motion that Movants submitted.

In sum, Movants have not presented a basis for the extraordinary relief they seek. For that reason, their Rule 59(e) motion will be denied.

## IV. ORDER

The "motion for new trial/reconsideration" (Dkt. No. 4) is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2016

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-mc-80038-EJD
ORDER DENYING MOTION FOR "NEW TRIAL/RECONSIDERATION"